# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
MAURICE GOODGAME, \*
\*  No. 17-339V
       Petitioner, \*  Special Master Christian J. Moran
\*
v. \*
\*
\*  Filed: April 16, 2021
SECRETARY OF HEALTH \*
AND HUMAN SERVICES, \*
\*  Attorneys' fees and costs;
\*  reasonable basis; severity
\*
       Respondent. \*
* * * * * * * * * * * * * * * * * * * *

<u>Milton Clay Ragsdale and Allison L. Riley</u>, Ragsdale, LLC, Birmingham, AL, for petitioner;
<u>Adriana R. Teitel</u>, United States Dep't of Justice, Washington, DC, for respondent.

### PUBLISHED DECISION DENYING ATTORNEYS' FEES AND COSTS[1]

      Maurice Goodgame alleged that a vaccination harmed her. However, she did not establish that her impairment lasted long enough to satisfy the Vaccine Act's severity requirement. Thus, she was denied compensation. <u>Goodgame v. Sec'y of Health & Human Servs.</u>, No. 17-339V, 2019 WL 4165275 (Fed. Cl. Spec. Mstr. July 30, 2019).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Ms. Goodgame has sought an award of attorneys' fees and costs, premised on the assertion that good faith and reasonable basis supported her claim. The Secretary opposed that request.

Adjudication of Ms. Goodgame's motion was delayed as the Federal Circuit decided two cases involving reasonable basis. James-Cornelius v. Sec'y of Health & Human Servs., 984 F.3d 1374 (Fed. Cir. 2021); Cottingham v. Sec'y of Health & Human Servs., 971 F.3d 1337 (Fed. Cir. 2020). The parties reiterated their positions in additional briefs filed after Cottingham and again after James-Cornelius.

For the reasons explained below, the Secretary's arguments are persuasive. There is not a reasonable basis that Ms. Goodgame's shoulder injury lasted longer than six months as she specifically denied having shoulder pain during the critical period.

I.   **Facts**[2]

Ms. Goodgame saw Dr. Shirin Banu on April 21, 2015, for what appears to be a relatively routine visit. Ms. Goodgame complained about her chronic left ankle pain. Ms. Goodgame received the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine in her left arm during this appointment. Exhibit 3 at 1. Dr. Banu expected to see Ms. Goodgame in follow-up five months later. Id. at 4.

On April 24, 2015, Ms. Goodgame visited the emergency room at Cooper Green Hospital. She complained of having pain in her left arm where she received the vaccination. Nurse Practitioner Lynn White diagnosed her as suffering from cellulitis and prescribed an antibiotic. Exhibit 4 at 1. After this visit to the emergency room, no medical records indicate that Ms. Goodgame sought medical attention for cellulitis.

Ms. Goodgame was involved in a car accident on June 6, 2015. Exhibit 10 at 8. Her most significant injury was a fractured left ankle. Id. at 5-6 (report from June 17, 2015). She also suffered injuries to her neck and back as well as pain in her wrist. In addition, she had a contusion in her left upper extremity. Id. at 8.

In response to the injuries sustained in the car accident, Ms. Goodgame sought care from an orthopedist, Donald Slappey. In a medical history form dated June 23, 2015, Ms. Goodgame told Dr. Slappey that she had no problem with her

---

[2] The recitation of facts is largely taken from the Entitlement Decision.

left arm and no problem with both shoulders before the accident on June 6. Exhibit 7 at 43. Dr. Slappey noted that Ms. Goodgame had pain from her neck into her left shoulder but not in her arms. Dr. Slappey detected a limited range of motion in her left trapezius muscle. Probably based on Ms. Goodgame's account that she did not have these problems before the car accident, Dr. Slappey opined that the injuries related to the car accident. Id. at 18. Dr. Slappey referred her to therapy. Id. at 102; exhibit 13 at 3.

Ms. Goodgame began physical therapy on July 7, 2015. This therapy lasted until October 26, 2015. Exhibit 19.

During therapy, Ms. Goodgame returned to Dr. Slappey on September 8, 2015. Dr. Slappey determined Ms. Goodgame had a good range of motion in her cervical spine but limited flexion in her lumbar spine. Dr. Slappey maintained the order for therapy. Exhibit 7 at 8.

On September 22, 2015, Ms. Goodgame had her previously scheduled follow-up appointment with Dr. Banu. Dr. Banu's history lists that she had an allergic reaction to the Tdap vaccination and was treated in urgent care. Dr. Banu also notes that Ms. Goodgame was involved in a motor vehicle accident in June 2015. Dr. Banu's record does not mention any complaints about shoulder pain. Exhibit 6 at 22-23.

On November 3, 2015, Ms. Goodgame had her final appointment with Dr. Slappey. She requested to be released from care and be allowed to maintain a home exercise program. Exhibit 7 at 7. Later in November, Ms. Goodgame applied for a job and indicated that she was available to work many days and many hours on each day. Exhibit 27 at 29.

## II.     Procedural History

The course of this case was straightforward. With the assistance of her counsel of record, Milton Clay Ragsdale, Ms. Goodgame presented medical records. The Secretary reviewed this material and argued that the medical records did not establish that Ms. Goodgame's adverse reaction to the vaccine lasted longer than six months. Resp't's Rep., filed Jan. 2, 2018, at 7.

Ms. Goodgame submitted additional evidence, including an affidavit from her. In this affidavit, Ms. Goodgame asserted, in relevant part, that "[s]ix months following my vaccination, . . . I still experienced intermittent pain and limited range of motion to my left shoulder that is the same type of pain I experienced after my vaccination." Exhibit 14 ¶ 10.

3

Eventually, in written submissions, the parties disputed whether Ms. Goodgame's adverse reaction to the vaccine lasted longer than six months. Ms. Goodgame submitted her brief regarding factual issues on March 29, 2019, and the Secretary responded on May 15, 2019.

As noted earlier, the July 30, 2019 Decision found that Ms. Goodgame did not establish with persuasive evidence that her injury lasted more than six months. The primary reason was that "Ms. Goodgame's hand-written statement to Dr. Slappey on June 23, 2015, indicates that she was not having any problems with her left arm or her shoulders before having the car accident on June 6, 2015." Goodgame, 2019 WL 4165275, at *3. In addition, while receiving therapy during the summer of 2015 for the injuries caused by the car accident, Ms. Goodgame did not receive any treatment for left arm or shoulder pain or limited range of motion.

Ms. Goodgame requested an award of attorneys' fees and costs, although her initial motion presented no argument regarding her eligibility for attorneys' fees and costs. Pet'r's Mot., filed Feb. 7, 2020. The Secretary, however, maintained that Ms. Goodgame had not satisfied the reasonable basis standard. Resp't's Resp., filed Mar. 13, 2020. In briefs filed after the Federal Circuit's opinion in Cottingham and after the Federal Circuit's opinion in James-Cornelius, the parties developed their arguments further.

The crux of the dispute is the value, if any, to be given to affidavits from Ms. Goodgame and her daughter.[3] Ms. Goodgame asserts that they constitute a form of "objective evidence" that a special master must consider in evaluating whether reasonable basis supports the claim set forth in the petition. Pet'r's Notice of Suppl. Authority, filed Feb. 3, 2021, at 3. Ms. Goodgame further maintains that the affidavits support the reasonable basis of the assertion that her injury lasted more than six months. Pet'r's Suppl. Br. at 6.

In contrast, the Secretary argued that, under James-Cornelius, while affidavits should be considered as part of the reasonable basis analysis, "the weight afforded to them compared to the medical records need not be equal." Resp't's 2d

---

[3] Ms. Goodgame filed medical literature that supports a finding that a vaccination can injure the recipient's shoulder. Exhibits 28-29; see also Pet'r's Suppl. Br., filed Sept. 30, 2020, at 5. However, those articles do not address the critical issue, which is whether any injury Ms. Goodgame suffered lasted more than six months.

Ms. Goodgame also mentions an October 10, 2018 MRI. Pet'r's Suppl. Br., filed Sept. 30, 2020, at 5. But, that study carries negligible weight because it was prepared in the context of litigation and more than three years after Ms. Goodgame informed Dr. Slappey that she was not having any shoulder problems before the car accident.

4

Suppl. Resp., filed Mar. 9, 2021, at 2. The Secretary further argued that the affidavit at issue, which was submitted three years after the events in question, should be afforded less weight than the contemporaneous medical records, which indicate that Ms. Goodgame's injury did not persist for more than six months. Id. at 3.

### III. **Standards for Adjudication.**

Petitioners who have not been awarded compensation (like Ms. Goodgame here) are eligible for an award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017). Here, the Secretary has not raised a challenge to Ms. Gordon's good faith. Thus, the disputed issue is reasonable basis.

In Cottingham, the Federal Circuit stated that the evidentiary burden for meeting the reasonable basis standard "is lower than the preponderant evidence standard." Something "more than a mere scintilla" might establish the reasonable basis standard. 917 F.3d at 1356. Petitioners meet their evidentiary burden with "objective evidence." Id. at 1344. In categorizing medical records as objective evidence, the Federal Circuit stated, "[m]edical records can support causation even where the records provide only circumstantial evidence of causation." Id. at 1346. Finally, the Federal Circuit in Cottingham specified that "[w]e make no determination on the weight of the objective evidence in the record or whether that evidence establishes reasonable basis, for these are factual findings for the Special Master and not this court." Id. at 1347.

In its most recent opinion regarding the reasonable basis standard, the Federal Circuit stated that medical records, affidavits, and sworn testimony all constitute objective evidence to support reasonable basis. James-Cornelius v. Sec'y of Health & Human Servs., 984 F.3d 1374, 1379-81 (Fed. Cir. 2021). The Federal Circuit further clarified that "absence of an express medical opinion on causation is not necessarily dispositive of whether a claim has reasonable basis." Id. at 1379 (citing Cottingham, 971 F.3d at 1346). These two most recent decisions guide the analysis regarding what types of evidence constitute objective evidence of reasonable basis, as originally articulated in Simmons, though the ultimate weighing of such evidence is left up to the special master.

## IV.     Analysis

Preliminarily, the outcome of the Entitlement Decision does not control the result of Ms. Goodgame's pending motion for attorneys' fees and costs.  The Entitlement Decision weighed the evidence according to the preponderance of the evidence standard.  However, the evidentiary standard for determining reasonable basis is less than the preponderance of the evidence.  Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6324660, at *12-13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Nevertheless, the reasoning in the Entitlement Decision regarding the weight of the evidence remains valuable.  The Entitlement Decision explained that some evidence affirmatively showed that Ms. Goodgame informed her orthopedist that she was not having shoulder pain before the June 6, 2015 car accident.  This statement is in Ms. Goodgame's handwriting, meaning that there is no chance that Dr. Slappey misunderstood a complaint or failed to document a complaint Ms. Goodgame communicated to him orally.  Exhibit 7 at 43.  The presence of this affirmative evidence showing no left shoulder or left arm problem might distinguish cases in which the record is silent about any continuing injury.

To be sure, pursuant to binding Federal Circuit precent, the affidavits from Ms. Goodgame and her daughter constitute evidence that should be considered in evaluating the reasonable basis of the assertion that Ms. Goodgame's injuries lasted more than six months.  James-Cornelius, 984 F.3d at 1380-81.  These affidavits mean that Ms. Goodgame has presented, in the words of the Federal Circuit in Cottingham, "more than a mere scintilla" of evidence on this point.

The presence of "more than a mere scintilla" of evidence does not mandate a finding of reasonable basis.  This lesson is demonstrated by the Federal Circuit's earlier precedential opinion on reasonable basis, Perreira v. Secretary of Health & Human Services.  In that case, the Federal Circuit held that the Chief Special Master could determine that a petitioner lacked reasonable basis, despite an expert report, because "the expert opinion was grounded in neither medical literature nor studies."  Perreira v. Sec'y of Health & Human Servs., 33 F.3d 1375, 1377 (Fed. Cir. 1994).  "Perreira demonstrates that special masters enjoy discretion to find that a claim lacked a reasonable basis when the evidence on which the petitioner relies (there, an expert's report) is rooted in unsupported speculation."  Ellis v. Sec'y of Health & Human Servs., No. 13-336V, 2019 WL 3315326, at *4 (Fed. Cl. Spec. Mstr. June 24, 2019).  The Federal Circuit provided the "reasonable basis"

standard with some teeth in <u>Perreira</u>, by declaring: "Congress must not have intended that every claimant, whether being compensated or not under the Vaccine Act, collect attorneys' fees and costs by merely having an expert state an unsupported opinion." 33 F.3d at 1377.

It appears that the testimony of an expert constitutes "more than a mere scintilla" of evidence. If so, then <u>Perreira</u> shows that a petitioner could present some evidence regarding causation and yet not satisfy the reasonable basis standard. Likewise, in the present case, Ms. Goodgame's submission of some evidence supporting the assertion that her injury lasted more than six months (namely the affidavits) does not carry her burden regarding reasonable basis automatically. Again, Ms. Goodgame's burden regarding reasonable basis is less than the preponderance of the evidence standard.

In Ms. Goodgame's affidavit, she maintains "[s]ix months following my vaccination, . . . I still experienced intermittent pain and limited range of motion to my left shoulder that is the same type of pain I experienced after my vaccination." Exhibit 14 ¶ 10. However, she does not address her handwritten statement to Dr. Slappey that she was not having shoulder or left arm pain before the car accident. <u>See</u> <u>id.</u> ¶ 8. Similarly, she does not explain why she did not seek medical attention for alleged shoulder problem while she was receiving physical therapy during summer 2015. <u>See</u> <u>id.</u> These omissions reduce the evidentiary value of Ms. Goodgame's affidavit. The affidavit from her daughter, Erin Lightfoot, suffers from the same problems. <u>See</u> exhibit 15.

Evidence that Ms. Goodgame was not having shoulder problems, including her statement to Dr. Slappey and her failure to seek medical attention for the shoulder pain, carries significant evidentiary value. <u>Cucuras v. Sec'y of Health & Human Servs.</u>, 993 F.2d 1525, 1528 (Fed. Cir. 1993). This evidence outweighs the contrary evidence. <u>See</u> <u>Lamarre v. Sec'y of Health & Human Servs.</u>, No. 17-10V, 2019 WL 7556396, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 6, 2019) (declining to find affidavits supported an injury lasted six months where contemporaneous medical records contradicted the assertions in the affidavits). As such, Ms. Goodgame has not established the reasonable basis for the claim that the vaccination caused her a lasting injury.

## V.   Conclusion

Although Ms. Goodgame submitted some evidence indicating that she endured a shoulder problem for more than six months, this evidence does not rise to the level to satisfy the reasonable basis standard. Ms. Goodgame, therefore, is

not eligible for an award of attorneys' fees and costs. The Clerk's Office is instructed to enter judgment in accord with this decision unless Ms. Goodgame files a motion for review.

    **IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
